FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 AUG 30  P 4: 10

SIGN _____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BALLARD

VERSUS                                                        CIVIL ACTION

STEPHANIE WALL, ET AL.                            NO. 03-313-JJB

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before this court on a motion for summary judgment[1] filed by defendants Stephanie Wall, Robert Percy, and the law firm of Percy, Pujol, and Wall (collectively "Defendants"). The plaintiff in this action is Michael Ballard ("Plaintiff"). Plaintiff filed an opposition.[2] Defendants filed a reply to the opposition.[3] This court ordered the cause to be heard without oral argument.[4] Subject matter jurisdiction is based upon a federal question pursuant to 28 U.S.C. § 1331.

### Factual Background

This suit arises out of the imprisonment of Plaintiff due to his failure to appear at a judgment debtor rule hearing, pursuant to La. Code Civ. Proc., art. 2451. On December 4, 1996, a default judgment was rendered against Plaintiff in favor of the

---

[1] Doc. 26.

[2] Doc. 31.

[3] Doc. 34.

[4] Doc. 29.

creditor Machine Products Manufacturing Co., Inc.[5] Mr. Percy, a partner in the law firm of Percy, Pujol and Wall ("Pujol law firm"), represented the judgment creditor. The judgment against Plaintiff in that case was in the amount of $7,043.20, plus legal interest from September 19, 1996 until paid, reasonable attorney's fees fixed at one-third of the principal and interest, and for all costs of the proceedings. Plaintiff failed to pay the judgment rendered against him, which resulted in the filing of a motion for a judgment debtor rule by Machine Products.

In connection with the motion, Plaintiff was ordered to appear in open court on April 23, 2002, to be examined as a judgment debtor by the Honorable Marilyn Lambert. The creditor Machine Products was represented in court by Ms. Wall. Like Mr. Percy, Ms. Wall was a partner in the Pujol law firm. Plaintiff failed to appear in court on time. After noting that personal service was made on Plaintiff on March 5, 2002, Judge Lambert inquired of Ms. Wall as to the amount of the debt Plaintiff owed.[6] Ms. Wall answered,

> The amount of the debt is originally 76. It's now up to almost 10 because of the 1996 judgement [sic] and the 33 percent attorney's fees and interest. And we have been hounding this guy, so the highest amount on bond you're willing to go would make my day. And I never say stuff like that. I'm nice.

After entertaining Ms. Wall's request, Judge Lambert ordered that a writ of attachment for the arrest of Plaintiff be issued. Plaintiff's bond was set at $10,000,

---

[5]Defendants' Exhibit A (Judgment from Machine Products Manufacturing Co., Inc. v. Ballard, et al., No. 96,392).

[6]Defendants' Exhibit D (Certified Transcript of the Judgment Debtor Rule hearing).

2

cash only.[7]

After realizing that he missed his court appearance, Plaintiff arrived at court in the afternoon of April 23. Due to the order of the writ of attachment, however, he was arrested at the courthouse and placed in jail. At some time on April 24, Plaintiff's wife paid $10,000 to Mr. Percy's secretary. Thereafter, the secretary advised Judge Lambert that the judgment in the Machine Products case was satisfied. Upon learning of the satisfaction of the debt, Judge Lambert authorized Plaintiff's release from jail around 6 p.m. on April 24.

### Procedural Background

By the filing of a complaint,[8] Plaintiff sued Judge Lambert and Defendants claiming a violation of his civil rights under 42 U.S.C. §1983. Specifically, Plaintiff claims that Defendants violated his civil rights by keeping him in jail until he paid his debt, without due process of law.[9] Plaintiff essentially contends that Defendants conspired with Judge Lambert to operate a debtor's prison in violation of his civil rights.

On September 19, 2003, this court granted a motion to dismiss in favor of Judge Lambert and Defendants.[10] On appeal, the Fifth Circuit affirmed the

---

[7] Id.

[8] Doc. 1.

[9] Plaintiff's Complaint, Doc. 1.

[10] Doc. 18.

3

dismissal of Judge Lambert on the basis of judicial immunity, but it reversed the dismissal of Defendants, finding that the complaint sufficiently pleaded allegations to sustain a claim under 42 U.S.C. §1983.[11] After remand to this court, Defendants filed the present motion for summary judgment.

## Discussion

### A. Summary Judgment Standard

Summary judgment is proper when the moving party demonstrates a lack of a genuine issue of material fact and the party is entitled to judgment as a matter of law.[12] The moving party has the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes shows an absence of a genuine issue of material fact.[13]

After the moving party has met its initial burden, the non-moving party is required to set forth facts, by affidavits or otherwise, showing that a genuine issue of material fact exists.[14] A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit.[15] The governing substantive law will

---

[11] Ballard v. Wall, 413 F.3d 510 (5th Cir. 2005).

[12] FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997).

[13] See Celotex Corp., 477 U.S. at 323.

[14] Topalian v. Ehrman, 954 F.2d 1125, 1132 (5th Cir. 1985).

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

determine which facts are material.[16]  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the non-moving party.[17] In addition, if the non-moving party bears the burden of proof at trial, as in the case at bar, the moving party is not required to submit evidentiary documents in support of its motion.[18]  The moving party in this case need only point out the absence of evidence supporting the essential elements of the non-moving party's claim.[19]  In determining whether summary judgment is proper, this court views the evidence, and all reasonable inferences drawn therefrom, in a light most favorable to the non-moving party.[20]

## B.    The Parties' Arguments

Defendants posit that summary judgment is appropriate because the evidence undisputably fails to show that Defendants conspired with Judge Lambert to hold him in a debtor's prison.  Defendants argue that without any facts showing a conspiracy, Plaintiff cannot prove that Defendants, being two private attorneys and a private law firm, are "state actors," as required by 42. U.S.C. §1983. Defendants maintain that a conspiracy or "joint activity" with a state official must be

---

[16]Id.

[17]Id.

[18]Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

[19]Id.

[20]Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988); Thornbrough v. Columbus & Greenville R.R. Co., 760 F.2d 633, 640 (5th Cir. 1985).

5

proven by some overt and significant state participation and a substantial degree of cooperative action. Defendants argue that no such evidence is presented in this case.

Plaintiff counters by arguing that the summary judgment evidence shows a conspiracy between Defendants and Judge Lambert. Plaintiff claims that Ms. Wall's request for the setting of his bond as high as possible, and Judge Lambert's subsequent acquiescence in doing so, was for the purpose of keeping Plaintiff in jail until he paid his debt. Plaintiff also focuses on alleged procedural errors made by Judge Lambert in placing him in jail without due process of law, as required by various articles in the Louisiana Code of Civil Procedure. Moreover, Plaintiff presents this court with exhibits consisting of four separate cases involving debt collection that show, according to Plaintiff, a pattern of Judge Lambert and Defendants conspiring to harass debtors into paying their debts.[21]

## C.   The "State Actor" Requirement of 42 U.S.C. §1983

§1983 only applies to a deprivation of federal rights occurring "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ...."[22] This requirement has come to be known as the "under color of state law" or "state action" requirement.[23] "As a matter of substantive constitutional law the state-action

---

[21]Plaintiff's Exhibits B1, B2, B3, B4.

[22]42 U.S.C. §1983.

[23]Ballard, 413 F.3d at 518.

6

requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments[.]'"[24]

In *Lugar v. Edmondson Oil Co.*,[25] the Supreme Court laid down a two-part test to determine whether a violation of a federal right was attributable to the state. "First, the deprivation must be caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible."[26] "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."[27]

Defendants do not mention the first part of the two-part test in their motion for summary judgment. Nor do they make any arguments that summary judgment is appropriate based on this part. Defendants' only contention is that there is no dispute that Defendants are not state actors.

There is no dispute that Defendants are indeed private actors. However, while private actors are not usually considered state actors, a private actor may act under color of state law when he or she is involved in a conspiracy with a state actor in order to deprive the plaintiff of a federal right.[28]

---

[24] Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982) (*quoting* Flagg Bros. Inc., v. Brooks, 436 U.S. 149, 156 (1978)).

[25] 457 U.S. 922.

[26] Id. at 937

[27] Id.

[28] *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-52 (1970).

7

D.    The Fifth Circuit's Decision in *Ballard v. Wall*[29]

In *Ballard v. Wall*, the Fifth Circuit reversed this court's granting of Defendants' motion to dismiss for failure to state a claim. In doing so, the court noted five allegations pleaded in Plaintiff's complaint that could sufficiently demonstrate that Defendants conspired with Judge Lambert to violate Plaintiff's civil rights.[30] Those allegations were (1) Mr. Percy told Plaintiff that he would have to pay $10,000 in cash to stay out of jail, (2) after Judge Lambert telephoned the Pujol law firm, Mr. Percy informed the judge that he would not release the bond unless Plaintiff paid the $10,000, (3) Mr. Percy's secretary informed Plaintiff's wife that "the law" requires a person to be jailed if that person fails to pay his debt, (4) Mr. Percy's secretary informed Plaintiff that Mr. Percy had the power to order his bail released, and (5) Mr. Percy instructed his secretary to telephone the jail and authorize Plaintiff's release.[31] The Fifth Circuit held that these five allegations, if true, were sufficient to prove Defendants were state actors under §1983.[32] Thus, these factual disputes are material because resolution of them in favor of one party will affect the outcome of the lawsuit.[33]

---

[29] 413 F.3d 510.

[30] Id. at 519.

[31] Id.

[32] Id.

[33] Anderson, 477 U.S. at 248.

### E. Application of the "State Actor" Requirement As Discussed in *Ballard v. Wall* to the Facts of the Present Case

Defendants satisfied their initial burden of showing an absence of a fact issue as to whether they were state actors. Defendants point to the deposition testimony to show an absence of a factual dispute. There is nothing in the deposition testimony alone that shows a conspiracy between Judge Lambert and Defendants. Thus, the burden to produce evidence on this issue shifted to Plaintiff. Plaintiff has attached two authenticated affidavits, one made by himself and the other by his wife, to his opposition.[34] In light of the Fifth Circuit's analysis as to what facts would be sufficient to state a claim of conspiracy under §1983, this court finds that Plaintiff has satisfied his burden, and his claim should survive summary judgment.

#### 1. Mr. Percy told Plaintiff He Needed to Pay $10,000 to Stay out of Jail

In Plaintiff's affidavit, he states that upon realizing that he missed his court appearance, he contacted Mr. Percy. Mr. Percy told Plaintiff that there was a warrant out for his arrest, and that he would have to pay $10,000. This evidence, along with its reasonable inference (which must be viewed in a light most favorable to Plaintiff), is that Mr. Percy told Plaintiff he needed to pay $10,000 to stay out of jail. Ms. Wall's estimation of the debt owed at the judgment debtor rule hearing was $10,000. There is an inference that Mr. Percy was telling Plaintiff he could get out

---

[34]Plaintiff's Exhibits B-6, B-7.

9

of jail if he paid his debt.

### 2. After Judge Lambert Telephoned the Pujol Law Firm, Mr. Percy Refused to Release the Bond Unless Plaintiff Paid $10,000

In Plaintiff's affidavit, he states that he eventually arrived at Judge Lambert's office at the courthouse. He states that the judge telephoned an attorney and told him that "[t]he attorney does not agree to release the bond." While Plaintiff does not know who the attorney on the phone with the judge was, the only reasonable inference is that it was an attorney from the Pujol law firm. Considering Plaintiff's statement that he just recently had spoken with Mr. Percy about a warrant for his arrest and $10,000, there is a reasonable inference that the judge was speaking to Mr. Percy. Thus there is evidence that Mr. Percy told the judge not to release Plaintiff.

Moreover, Plaintiff states that he requested the judge to consider a property or bail bond, but the judge stated "No, it has to be $10,000 cash." Accepting the reasonable inferences in a light most favorable to Plaintiff leads to the conclusion that the judge required cash because a surety or property bond would not satisfy the debt.

### 3. Mr. Percy's Secretary Informed Plaintiff's Wife that "the law" Requires a Person to be Jailed if That Person Fails to Pay His Debt.

There is nothing in the record to support a finding that Mr. Percy's secretary told Plaintiff's wife that "the law" required a person to be jailed if that person fails to

pay his debt. However, what is contained in Plaintiff's wife's affidavit provides even more support for there being a conspiracy between Defendants and the judge. Plaintiff's wife states that the judge's secretary told her that the $10,000 bond was set because that amount represented the amount of the debt plus court costs. The secretary told her that in order to get Plaintiff out of jail, she would have to bring $10,000 to the "attorney who represented the person who had a judgment." Defendants represented the creditor Machine Products.

In addition, Plaintiff's wife states that Mr. Percy's secretary informed her that she needed $10,000 in order to get Plaintiff out of jail. Plaintiff's wife further states that Mr. Percy told her that she needed to pay him $10,000 in cash or a cashier's check, otherwise Plaintiff would remain in jail.

### 4.      Mr. Percy's Secretary Informed Plaintiff that Mr. Percy had the Power to Order His Bail Released

There is a reasonable inference from the summary judgment evidence that Plaintiff believed Mr. Percy was authorized to have his bail released upon payment of the $10,000 debt. Plaintiff states that after realizing he missed his court date, he contacted Mr. Percy. Mr. Percy allegedly told Plaintiff that there was a bench warrant out for his arrest and that he would have to pay $10,000. Moreover, Plaintiff states that Judge Lambert told him that the Pujol law firm would not release the bond. There exists an inference from this evidence that Plaintiff believed that Mr. Percy, or at least someone at the Pujol law firm, had the power to order his bail

released.

### 5. Mr. Percy Instructed His Secretary to Telephone the Jail and Authorize Plaintiff's Release

According to Plaintiff's wife, Mr. Percy was standing in the room overseeing the counting of the $10,000 by his secretary. Mr. Percy's secretary testified at her deposition that after Plaintiff's wife paid her $10,000, she prepared two typed letters for Mr. Percy's signatures. Those letters were to inform the recorder's office that Plaintiff's debt was satisfied and that the judgment should be cancelled from the mortgage records.[35]

There is evidence that after Plaintiff's wife paid off the debt, Mr. Percy's secretary contacted Judge Lambert and informed the judge that Plaintiff's debt was satisfied. There is further evidence that Mr. Percy's secretary transferred the judge to the jail, and the judge ordered Plaintiff's release.[36]

In light of the Fifth Circuit's holding in *Ballard* that the five factual disputes discussed above are material to this case, this court finds summary judgment to be inappropriate. Specifically, this court holds that there is a genuine issue of material fact as to whether or not Defendants were acting under color of state law by conspiring with Judge Lambert to keep Plaintiff in a debtor's prison.

Also, although the Fifth Circuit in the *Ballard* opinion did not address how Ms.

---

[35] Defendants' Exhibit F, pg. 10 (Deposition of Melanie Boudreaux)

[36] Defendants' Exhibit F, pp. 10-12 (Deposition of Melanie Boudreaux).

12

Wall was connected to the conspiracy, this court finds that there is evidence that Ms. Wall requested that Plaintiff's bond be set as high as possible.[37] She was the attorney present at the judgment debtor rule hearing at which Plaintiff failed to appear. Her connection with Defendants is therefore satisfied, for purposes of defeating a summary judgment motion.

This court notes that the present ruling does not in any way intimate that if Plaintiff can prove the five allegations noted by the Fifth Circuit, it will succeed in its lawsuit. This court only holds that there is a dispute of facts as to whether these allegations actually occurred. If these allegations are ultimately proven true at trial, then "state actor" status will be attached to Defendants. However, this court makes no ruling as to whether any other evidence, either in conjunction with the disputed facts discussed herein or separate from those facts, will suffice to prove a §1983 violation by Defendants. Moreover, this court remains silent as to whether anything less than the allegations noted by the Fifth Circuit would suffice to prove a conspiracy. Those inquiries are reserved for another day. This court only holds that there is a genuine issue of material fact as to whether or not Defendants were "state actors" or "acting under color of state law."

Accordingly, it is ordered that Defendants' motion for summary judgment is hereby DENIED.

---

[37]Defendants' Exhibit D (Certified Transcript of the Judgment Debtor Rule hearing).

Baton Rouge, Louisiana, August 30th, 2006.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ JAMES J. BRADY, JUDGE
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ MIDDLE DISTRICT OF LOUISIANA